UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CITY OF LUBBOCK, TEXAS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. CIV-23-232-G |
| | ) |
| **ELK CITY II WIND, LLC et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Now before the Court is the Motion (Doc. No. 26) of West Texas Municipal Power Agency ("West Texas MPA") to intervene in this action pursuant to Federal Rule of Civil Procedure 24(a). The Unopposed Motion states that Plaintiff City of Lubbock, Texas, and Defendants Elk City II Wind, LLC and Elk City Renewables II, LLC do not oppose the relief requested, and no party has filed a response within the time permitted by this Court's Local Civil Rules.

### I. Background

West Texas MPA represents that in 1983, the cities of Lubbock, Brownfield, Tulia, and Floydada created the West Texas MPA to enhance the negotiating strength of member cities and coordinate power planning under Texas law. *See id.* at 1. In November 2012, the West Texas MPA and Defendants entered into a Power Purchase Agreement ("PPA"), which governs the sale, delivery, and purchase of energy from the Defendants' wind farms in Roger and Beckham Counties, Oklahoma to the West Texas MPA member cities. *See id.* In April 2018, West Texas MPA assigned 85% of its interest in the PPA to the City of

Lubbock, Texas, while the remaining members and the cities identified above retained the other 15% interest in the PPA. *Id.* at 2.

In its Amended Complaint, Plaintiff asserts causes of action against Defendants for a declaratory judgment that that PPA is void under the Texas Constitution, for a declaratory judgment that Plaintiff is discharged from its obligations under the PPA due to frustration of purpose and/or impossibility and/or failure of consideration, and for money had and received/unjust enrichment. *Id.* (citing Am. Compl. (Doc. No. 21)).

II.   *Discussion*

In the instant Motion, West Texas MPA seeks to intervene as a plaintiff in this action to assert "similar claims as the City of Lubbock has asserted." Mot. at 3. West Texas MPA attaches to its Motion a proposed "Complaint in Intervention," which seeks declaratory judgment that the PPA is void under the Texas Constitution and presents a claim for money had and received/unjust enrichment. *See id.* Ex. 1, West Texas MPA Compl. in Intervention (Doc. No. 26-1).

Federal Rule of Civil Procedure 24(a) prescribes that the Court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The Tenth Circuit "has historically taken a 'liberal' approach to intervention and thus favors the granting of motions to intervene." *W. Energy All. v. Zinke*, 877 F.3d 1157, 1164 (10th Cir. 2017).

Having considered West Texas MPA's detailed and specific allegations regarding its rights and interest in the PPA, as well as the timely and uncontested nature of its request, the Court concludes that West Texas MPA should be permitted to intervene pursuant to Federal Rule of Civil Procedure 24(a)(2). *See id.* at 1164-69; *see also BNSF Ry. Co. v. City of Edmond*, No. CIV-19-769-G, 2019 WL 5596430, at *2 (W.D. Okla. Oct. 30, 2019) (addressing the relevant factors on a request to intervene).

## CONCLUSION

The Motion to Intervene (Doc. No. 26) therefore is GRANTED. Intervenor-Plaintiff West Texas Municipal Power Agency shall file its Complaint in Intervention (currently presented as an exhibit to the Motion) within seven (7) days of the date of this Order.

IT IS SO ORDERED this 19th day of March, 2024.

_____
CHARLES B. GOODWIN
United States District Judge